# Exhibit B

|        |                                                                                                                  |
|--------|------------------------------------------------------------------------------------------------------------------|
| **From:**    | Paige Medley                                                                                               |
| **To:**      | Amanda Szokoly                                                                                             |
| **Cc:**      | Brad Watkins; Clare Norins; Samantha Chariz Hamilton; Brianna Yates; Jack Kirkendall Mahon                 |
| **Subject:** | Re: Social Media Discovery Request                                                                         |
| **Date:**    | Monday, November 15, 2021 5:12:47 PM                                                                       |

Hello Amanda,

Thank you for your response addressing our proposal for narrowing the request. I appreciate your candor about your intentions to move forward with your broad discovery request. We, likewise, maintain our position on this issue and will proceed with filing our brief in support of our motion for a partial protective order against the request.

On a separate note, I have personally found it unprofessional that you have repeatedly responded to my emails by addressing my supervising attorney, and copying me, instead of addressing me directly. As you know, clinic students operate as student attorneys on our cases and have authority to correspond on behalf of our clients. There is no need to belittle my position in the clinic and on this case by refusing to communicate with me directly.

Thank you again for sharing your thoughts on this issue.

Paige Medley
University of Georgia School of Law
J.D. Candidate Class of 2022
pmedley@uga.edu | (770) 876-7890

---

**From:** Amanda Szokoly <ASzokoly@brbcsw.com>
**Sent:** Monday, November 15, 2021 11:55 AM
**To:** Clare Norins <cnorins@uga.edu>
**Cc:** Brad Watkins <BWatkins@brbcsw.com>; Paige Medley <pmedley@uga.edu>; Samantha Chariz Hamilton <Samantha.Hamilton@uga.edu>; Brianna Yates <bnyates@uga.edu>; Jack Kirkendall Mahon <jkmahon@uga.edu>
**Subject:** RE: Social Media Discovery Request

[EXTERNAL SENDER - PROCEED CAUTIOUSLY]

Hi Clare,

I am responding to the below email from Paige Medley.

I appreciate that you have broadened your position to include some of the social media content that is certainly relevant. However, we believe the proposed scope is still too limiting. Of the social media content that we have obtained to date, we have a number of posts that we believe are extremely relevant to the Plaintiff's claims and allegations in this case which would not be captured by the parameters that you have proposed. In light of this, we must maintain that the requests for the Plaintiff's social media content are relevant without limitation. As you know,"[r]elevance in the context of discovery 'has been construed broadly to encompass any matter that bears on, *or that*

*reasonably could lead to other matter that could bear on*, any issue that is or may be in the case.'"*Akridge v. Alfa Mut. Ins. Co.,* 1 F.4th 1271, 1276 (11th Cir. 2021). Respectfully, Defendants should have access to the requested social media content and should be permitted to evaluate its significance for themselves. We simply cannot agree that the Plaintiff should be allowed to make that decision for them.

Thank you for your efforts,

**Amanda L. Szokoly**
*Brown, Readdick, Bumgartner,*
*Carter, Strickland & Watkins, LLP*
5 Glynn Ave.
P. O. Box 220
Brunswick, Ga. 31520
(912) 264-8544
aszokoly@brbcsw.com

---

**From:** Paige Medley [mailto:pmedley@uga.edu]
**Sent:** Friday, November 12, 2021 3:06 PM
**To:** Amanda Szokoly
**Cc:** Brad Watkins; Clare Norins; Samantha Chariz Hamilton; Brianna Yates; Jack Kirkendall Mahon
**Subject:** Re: Social Media Discovery Request

Hello Amanda –

As you have not responded we assume your position remains that you are seeking the entirety of Mrs. Prospero's social media, including usernames and passwords, and are refusing to narrow this request to fit the relevancy arguments defendants have advanced. While we do not believe it is incumbent upon us to do the work of narrowing defendants' requests for you, in the interest of potentially resolving this dispute, we propose the following to supplement the Facebook messages that Plaintiff has already produced:

For the period of Jan. 1, 2018 to the present, all Facebook posts by Plaintiff, including photographs, involving the subjects of:

1. Plaintiff's physical health
2. Plaintiff's engagement in physical activity requiring cardio-vascular capacity (e.g., hiking, biking, roller-skating, jumping on trampoline, etc.)
3. Plaintiff's social interactions with people in her local community (i.e., in Woodbine, Camden County, or Georgia counties directly adjacent to Camden)
4. Plaintiff's activities outside of her home
5. Plaintiff's statements about her general emotional state, excluding reaction statements to specific current events or events in other people's lives (e.g., I'm so happy that [this thing happened]; I was disappointed that [this thing happened], etc.)

Please let us know by noon on Monday if this will resolve the matter. Otherwise, we will proceed with filing our motion for a partial protective order.

**Paige Medley**
University of Georgia School of Law
J.D. Candidate Class of 2022
pmedley@uga.edu | (770) 876-7890

---

**From:** Paige Medley <pmedley@uga.edu>
**Sent:** Tuesday, November 9, 2021 2:47 PM
**To:** Amanda Szokoly <ASzokoly@brbcsw.com>
**Cc:** Brad Watkins <bwatkins@brbcsw.com>; Clare Norins <cnorins@uga.edu>; Samantha Chariz Hamilton <Samantha.Hamilton@uga.edu>; Brianna Yates <bnyates@uga.edu>; Jack Kirkendall Mahon <jkmahon@uga.edu>
**Subject:** Re: Social Media Discovery Request

Hi Amanda -

Thanks for sharing with us your thoughts on why you think the entirety of Mrs. Prospero's social media should be relevant. We, however, maintain that the request is far too broad and that your position misconstrues the psychiatric evaluation. The report from Dr. Chapman you refer to discusses Ms. Prospero's *physical* isolation following her arrest, and the effect this has had on her mental health. The report states specifically that she "isolates herself in her home because she does not feel safe in her community." The report further discusses her fear of going out except for necessary errands, how she is triggered if she sees a sheriff's officer or goes near the sheriff's office, and how she believes "she cannot trust others in her community." This *physical* isolation and distrust of law enforcement and the community around her has no bearing on whether Mrs. Prospero has an active *online* presence. A request this broad is essentially a fishing expedition that would result in the production of content wholly irrelevant to the issues present in this case. Without narrowing this request, we cannot support the overreaching idea that because she feels physically isolated in her community, her private Facebook account is then subject to complete disclosure simply because she interacts with others online. We want to reiterate that if you can articulate something specific you are looking for, we will review her social media to determine if it contains anything that is responsive.

Sincerely,

**Paige Medley**
University of Georgia School of Law
J.D. Candidate Class of 2022
pmedley@uga.edu | (770) 876-7890

---

**From:** Amanda Szokoly <ASzokoly@brbcsw.com>
**Sent:** Monday, November 8, 2021 11:05 AM
**To:** Clare Norins <cnorins@uga.edu>
**Cc:** Paige Medley <pmedley@uga.edu>; Samantha Chariz Hamilton <Samantha.Hamilton@uga.edu>; Brianna Yates <bnyates@uga.edu>; Jack Kirkendall Mahon <jkmahon@uga.edu>; Brad Watkins <BWatkins@brbcsw.com>
**Subject:** RE: Social Media Discovery Request

[EXTERNAL SENDER - PROCEED CAUTIOUSLY]

Hi Clare,

I am responding to an email from Paige Medley.
I am sure you would agree with me that, in general, a plaintiff's social media content that reflects or demonstrates abilities and/or activities that are inconsistent with her asserted injuries are plainly relevant. In this case, for starters, the Plaintiff intends to rely upon a forensic psychiatrist's diagnosis of PTSD to establish injury. The forensic psychiatrist's report clearly explains that her diagnosis of PTSD is based, in large part, on the Plaintiff's representations regarding her ability to socialize and make connections with others. Such representations include statements that she "ha[s] difficulty meeting and talking to people," that she is isolated from the community, "feels like an outcast", "feels disconnected from others," and that her quality of life is significantly decreased as a result. Plaintiff's social media content from the date of the incident forward would certainly be relevant in evaluating the veracity of her representations, and in turn, the soundness of the PTSD diagnosis. In addition, we have requested evidence of Plaintiff's social media content for a limited period of time before the incident at issue, which is plainly relevant to evaluate what, if any, changes presented in the Plaintiff's virtual social life. Based on the Plaintiff's asserted PTSD diagnosis, and based on the fact that the Plaintiff's overall quality of life is at issue in this case, of all of the social media content that has been requested is relevant and is otherwise discoverable. This is by no means an exhaustive explanation as to why Plaintiff's social media information is relevant. Plaintiff also claims physical injuries as well. We are interested in whether Plaintiff has posted anything that would support or refute any of the claimed injuries in this case.

Is it still your position that the only relevant social media content is the previously-produced 4 pages of one-sided messaging that was purportedly copied and pasted from the Plaintiff's Facebook account? If so, we are likely at an impasse that will require intervention from the Court. I appreciate your effort to informally resolve this matter. I remain open to evaluate any proposals you would like to present, both in terms of limiting the scope of the request and/or reducing the scope of the disagreement by broadening your position on content that is relevant.

Sincerely,

**Amanda L. Szokoly**
*Brown, Readdick, Bumgartner,*
*Carter, Strickland & Watkins, LLP*
5 Glynn Ave.
P. O. Box 220
Brunswick, Ga. 31520
(912) 264-8544
aszokoly@brbcsw.com

---

**From:** Paige Medley [mailto:pmedley@uga.edu]
**Sent:** Thursday, November 4, 2021 9:26 AM
**To:** Amanda Szokoly

**Cc:** Clare Norins; Samantha Chariz Hamilton; Brianna Yates; Jack Kirkendall Mahon; Brad Watkins
**Subject:** Re: Social Media Discovery Request

Hi Amanda -

What relevant information do you believe exists in Mrs. Prospero's social media that we have not yet produced? We are unsure what relevant information you are seeking to obtain with such a broad request, but we would certainly be willing to consider a narrower request if you could outline to us what it is you are looking for. We would be happy to discuss this further over the phone if you think that would be easier.

Thanks,

Paige Medley

University of Georgia School of Law
J.D. Candidate Class of 2022
pmedley@uga.edu | (770) 876-7890

---

**From:** Amanda Szokoly <ASzokoly@brbcsw.com>
**Sent:** Wednesday, November 3, 2021 5:10 PM
**To:** Paige Medley <pmedley@uga.edu>
**Cc:** Clare Norins <cnorins@uga.edu>; Samantha Chariz Hamilton <Samantha.Hamilton@uga.edu>; Brianna Yates <bnyates@uga.edu>; Jack Kirkendall Mahon <jkmahon@uga.edu>; Brad Watkins <BWatkins@brbcsw.com>
**Subject:** RE: Social Media Discovery Request

**[EXTERNAL SENDER - PROCEED CAUTIOUSLY]**

Hi Paige,
Thank you for reaching out. It is still our position that the materials originally requested are discoverable. However, we would be willing to evaluate whether a full and complete response to a request that has been narrowed in scope would adequately serve our purposes. Please let us know what you would propose.
Thanks,

**Amanda L. Szokoly**

*Brown, Readdick, Bumgartner,*
*Carter, Strickland & Watkins, LLP*
5 Glynn Ave.
P. O. Box 220
Brunswick, Ga. 31520
(912) 264-8544
aszokoly@brbcsw.com

---

**From:** Paige Medley [mailto:pmedley@uga.edu]
**Sent:** Tuesday, November 2, 2021 6:33 PM
**To:** Brad Watkins; Amanda Szokoly

**Cc:** Clare Norins; Samantha Chariz Hamilton; Brianna Yates; Jack Kirkendall Mahon
**Subject:** Social Media Discovery Request

Good afternoon Brad and Amanda -

In light of Judge Cheesebro's order yesterday, we wanted to first reach out to you about our previous conversations regarding defendants' discovery requests for Mrs. Prospero's social media. I've attached our previous correspondence regarding this issue for your reference. In our response letter, we stated we would be willing to consider your requests if you were to narrow the scope. Do you still intend on pursuing as broad of a discovery request as you initially posed, or would it make sense to discuss the possibility of a narrowed request?

Please let us know your thoughts and how you would like to proceed.

Best,

Paige Medley
Student Attorney
University of Georgia School of Law, First Amendment Clinic
J.D. Candidate Class of 2022