IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| EMMA JANE PROSPERO, | |
| Plaintiff, | CIVIL ACTION NO.: 2:20-cv-110 |
| v. | |
| LT. RUSSELL PRESCOTT, et al., | |
| Defendants. | |

**O R D E R**

This matter is before the Court on Plaintiff's Emergency Motion for Partial Stay of Magistrate Judge's March 3, 2023 Order. Doc. 114. Plaintiff requests a stay pending the District Judge's consideration of her Objections to the Magistrate Judge's March 3, 2023 Order, in which she objects to the Magistrate Judge's Order compelling an Independent Medical Examination ("IME"). Id. at 1. Defendants filed a Response in opposition. Doc. 120. The matter was discussed at the telephonic status conference on March 27, 2023. See Doc. 118. For the following reasons, I **DENY** the Motion to Stay.

To be entitled to a stay, Plaintiff must demonstrate "1) that [she] is likely to prevail on the merits of appeal; 2) that absent a stay, [she] will suffer irreparable harm; 3) that [Defendant] will not suffer substantial harm from the issuance of the stay; and 4) that the public interest will be served by issuing the stay." Amerisure Mut. Ins. Co. v. Crum & Forster Specialty Ins. Co., Case No: 2:12-cv-443, 2014 WL 12617769, at *1 (M.D. Fla. May 12, 2014). "When a movant fails to establish just one of the elements, it is appropriate to deny its request for a stay." Marlantas, Inc., v. Cissna, Case No. 16-62522, 2017 WL 6949231, at *1 (S.D. Fla. Dec. 12, 2017) (citing

Matter of O'Keefe, Case No. 15-mc-80651, 2016 WL 5795121, at *2 (S.D. Fla. June 7, 2016)). These requirements are difficult hurdles to clear, and federal courts often deny motions to stay a magistrate judge's discovery orders. See United States v. Certain Real Prop., 444 F. Supp. 2d 1265, 1266 (S.D. Fla. 2006).

Plaintiff has not met this high standard to show she is entitled to a stay. As to the first factor, Plaintiff is seeking to overturn a magistrate judge's non-dispositive order. To do this, Plaintiff must show the order was "clearly erroneous or contrary to law," which is a highly deferential standard of review. Fed. R. Civ. P. 72(a). "The district court may not undo the magistrate judge's determination simply because it is convinced that it would have decided the case differently." Manno v. Healthcare Revenue Recovery Grp., LLC, No. 11-61357, 2012 WL4192987, at *2 (S.D. Fla. Sept. 18, 2012) (quoting Holton v. City of Thomasville Sch. Dist., 245 F.3d 1325, 1351 (11th Cir. 2005)). In examining Plaintiff's Objections, without deciding the merits of those Objections, it appears unlikely Plaintiff will be able to show the Order was contrary to law, as she does not cite any controlling authority that would require a different result. Additionally, Plaintiff is not likely to be able to show the Order was clearly erroneous since she does not demonstrate an abuse of discretion or that a district judge would be left with a definite and firm conviction a mistake has been committed. Thus, Plaintiff does not show she is likely to prevail on the merits of the appeal.

Next, Plaintiff fails to show she will suffer irreparable harm absent the stay. Plaintiff's assertions she would be traumatized by attending a psychiatric evaluation and, thus, suffer irreparable harm, are unconvincing. Doc. 114 at 4–5. Plaintiff has already attended two evaluations—one with a potential expert for her case and the other to obtain disability benefits— and neither of those psychologists indicated Plaintiff was unable to complete those evaluations

2

due to fear or trauma.  See Doc. 82 at 27–29, 38–42.  Though it may be uncomfortable or unpleasant for Plaintiff to be examined by a psychologist who has been hired by Defendants, as she states in her various declarations, discomfort does not amount to irreparable harm.  Plaintiff does not argue, or offer any evidentiary proof, she would suffer any other irreparable harm as a result of the IME.  Therefore, Plaintiff does not show she would suffer irreparable harm absent the stay.[1]

The third factor, whether Defendants will not suffer substantial harm from the issuance of the stay, weighs in Plaintiff's favor.  Defendants argue, since they have been pursuing a Rule 35 examination for over two years, they incur substantial legal fees every time the expert must re-familiarize herself with the record in this case.  Doc. 120 at 7.  While such expenses may be frustrating, Defendants have not shown those are harms are "irreparable" as that term is used in the context of ordering a stay.  Thus, this factor weighs slightly in Plaintiff's favor.

Finally, Plaintiff has failed to show the public interest will be served by issuing the stay.  Plaintiff asserts there is a public interest in maintaining appropriate limitations on Rule 35 evaluations.  Doc. 114 at 5.  However, Plaintiff fails to point to a violation of Rule 35 limitations in the Magistrate Judge's original Order.  Additionally, there is a public interest in the efficient resolution of this case, an interest that would not be served by staying the deadlines this case once again.  Thus, the fourth factor weighs in favor of denying the stay.

---

[1] During the status conference, Plaintiff referred to Green v. Cosby, No. 14-30211, 2016 WL 64211 (D. Mass. Jan. 5, 2016), and argued the Court should determine, like the Green court, the second factor must weigh the heaviest where denying a stay would require Plaintiff to sit for a deposition the next day and would effectively eliminate Plaintiff's chance for an appeal.  However, in the instant case, the IME examination date has not yet been set.  Furthermore, the Court is extending the IME deadline to allow for sufficient time for the District Judge to consider and rule on Plaintiff's Objections.  Thus, Plaintiff still has her opportunity for a review by the District Judge.  Even so, the parties should move forward with scheduling and preparing for the IME in accordance with this Order.

Three of the four factors weigh in favor of denying the stay. Thus, I **DENY** the Motion to Stay. Given the short fast-approaching IME deadline set forth in the Court's previous Order, the Court **EXTENDS** the deadline. The Court **ORDERS** counsel for both parties to confer and schedule the IME to occur **on or before April 28, 2023**.

**SO ORDERED**, this 3rd day of April, 2023.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA