IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| EMMA JANE PROSPERO, | |
| Plaintiff, | CIVIL ACTION NO.: 2:20-cv-110 |
| v. | |
| LT. RUSSELL PRESCOTT, et al., | |
| Defendants. | |

**O R D E R**

This matter is before the Court on Defendants' Motions to Seal Plaintiff's Deposition Transcripts and to Seal Defendants' Response in Opposition to Plaintiff's Rule 72(a) Objections. Docs. 131, 138. Defendants assert the filings—Plaintiff's June 15 and 16, 2022 and September 7, 2022 transcripts and Defendants' Response in Opposition to Plaintiff's Rule 72(a) Objections—contain information designated as "Confidential" pursuant to the Protective Order and, thus, should be sealed. Id. at 1–2. Defendants request the portions of the transcripts designated as Confidential and the Response be sealed until the entry of final judgment. Id. at 2.

The right of public access is an essential component of our system of justice. Romero v. Drummond Co., Inc., 480 F.3d 1234, 1245 (11th Cir. 2007). This right, however, is not absolute and "may be overcome by a showing of good cause." Beck v. Shinseki, CV 113-126, 2014 WL 693000, at *1 (S.D. Ga. Feb. 21, 2014). "The good cause inquiry involves balancing the asserted right of access against the other party's interest in keeping the information confidential." Id.; see Romero, 480 F.3d at 1246 (listing certain factors for a court to consider including if allowing access would impair court functions or harm legitimate privacy interests, "the degree of and

likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents"). "Even if the motion to file under seal meets no opposition, the parties to a lawsuit lack the authority to determine which documents outweigh the public's common law right of access." Usry v. EquityExperts.org, LLC, CV 116-10, 2020 WL 9127714, at *2 (S.D. Ga. Apr. 13, 2020) (citing Wilson v. Am. Motors Corp., 759 F.2d 1568, 1571 (11th Cir. 1985)).

      The Court previously granted other motions to seal on similar grounds, docs. 81, 95, 104, 107, 115, 119, and the same analysis largely applies here. In reviewing the contents of the deposition transcripts, Plaintiff testifies about her medical history and her disability records. Additionally, in their Response to the Rule 72(a) Objections, Defendants discuss information relating to Plaintiff's mental health evaluations. Those evaluations are used to show why the Rule 35 examination is or is not relevant and necessary to the defense of this lawsuit and why Defendants contend the undersigned did not err in issuing the Order granting the Rule 35 Motion. The information does not concern public officials, nor does it affect public concerns. See Romero, 480 F.3d at 1246; see also Crumbley v. King, Case No. 1:19-cv-1666, 2022 WL 1623804, at *3 (N.D. Ga. May 23, 2022) ("There is limited, if any, public interest in allowing public access to Plaintiff's mental health records and diagnoses, and any limited interest is vastly outweighed by the right to keep such records private."). The degree and likelihood of injury to Plaintiff if made public would, potentially, be substantial. Furthermore, the transcripts are from depositions, a discovery matter which does not directly affect adjudication and may not produce content admissible in a trial. See Hogan v. Allstate Beverage Co., Inc., 821 F. Supp. 2d 1274, 1283 (M.D. Ala. 2011) ("The strength of the presumption of openness falls along a continuum,

with the presumption being stronger for documents that directly affect an adjudication than for documents, such as certain discovery materials, that come within a court's purview solely to insure their irrelevance.") (quoting United States v. Amodeo, 71 F.3d 1044, 1049 (2d Cir. 1995)). Thus, the portions of the deposition transcripts designated as confidential and Defendants' Response to the Rule 72(a) Objections should be filed under seal.

Defendants request the identified portions of the transcripts, certain deposition exhibits, and Defendants' Response to the Rule 72(a) Objections be placed under seal until the entry of final judgment. Plaintiff has not specifically responded to these Motions to Seal. However, given Plaintiff's previous requests for the permanent sealing of the contents of the motions containing mental health information, the Court assumes Plaintiff disagrees with the length of time the portions of the transcripts and Defendants' Response should remain sealed. Thus, the Court considers the appropriate duration of the seal.

Local Rule 79.7(e) acknowledges "the permanent sealing of a Court record is not preferred and should be sought only where temporary sealing is not adequate to protect the interest at stake." See also In re Estate of Martin Luther King, Jr., Inc., v CBS, Inc., 184 F. Supp. 2d 1353, 1359–60 (N.D. Ga. 2002) (discussing issues related to permanent sealing, including retention of records). A court "must restrict access in a way that will minimize the burden on the public's right, for example, by sealing or redacting only those records or portions thereof that contain sensitive information." Curry v. McNeil, No. 3:08-cv-539, 2009 WL 395247, at *2 (N.D. Fla. Feb. 17, 2009).

In these circumstances, the public's limited interest in viewing Plaintiff's mental health records or in seeing summaries of those records is outweighed by Plaintiff's right to keep those matters private. The various filings contain Plaintiff's mental health information, which could be

3

embarrassing or stigmatizing. These sensitivities about medical records are not likely to dissipate at the conclusion of this litigation. Indeed, the release of Plaintiff's personal medical history could impact her far beyond the conclusion of this case. Thus, the Court grants the requests to place the materials under a permanent seal. The Court is not currently confronted with any request for unsealing or automatic unsealing, such as if the documents in the sealed brief are used at trial or are attached to a dispositive motion. If such circumstances arise in the future, the Court will give full consideration to unsealing these materials at that time.

For the above reasons, the Court **GRANTS** Defendants' requests to seal these materials, doc. 131, 138, but with the above set forth modifications. The Court hereby **ORDERS** the Clerk of Court to file the contents of Plaintiff's June 15, 2022, June 16, 2022, and September 7, 2022 deposition transcripts and Defendants' Response to the Rule 72(a) Objections under seal on the docket.

**SO ORDERED**, this 6th day of April, 2023.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA