IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| EMMA JANE PROSPERO, | |
| Plaintiff, | CIVIL ACTION NO.: 2:20-cv-110 |
| v. | |
| LT. RUSSELL PRESCOTT, et al., | |
| Defendants. | |

**O R D E R**

This matter is before the Court on Defendants' Motion to Seal Defendants' Response in Opposition to Plaintiff's Motion to Exclude Expert Testimony.  Doc. 182.  Defendants assert the filing—their response in opposition to Plaintiff's motion to exclude—contains information designated as "Confidential" pursuant to the parties' entered Protective Order and, thus, should be sealed.  Id. at 1–2.  Defendants request the filing be sealed until the entry of final judgment. Id. at 2.

The right of public access is an essential component of our system of justice.  Romero v. Drummond Co., Inc., 480 F.3d 1234, 1245 (11th Cir. 2007).  This right, however, is not absolute and "may be overcome by a showing of good cause."  Beck v. Shinseki, CV 113-126, 2014 WL 693000, at *1 (S.D. Ga. Feb. 21, 2014).  "The good cause inquiry involves balancing the asserted right of access against the other party's interest in keeping the information confidential."  Id.; see Romero, 480 F.3d at 1246 (listing certain factors for a court to consider including if allowing access would impair court functions or harm legitimate privacy interests, "the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an

opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents"). "Even if the motion to file under seal meets no opposition, the parties to a lawsuit lack the authority to determine which documents outweigh the public's common law right of access." Usry v. EquityExperts.org, LLC, CV 116-10, 2020 WL 9127714, at *2 (S.D. Ga. Apr. 13, 2020) (citing Wilson v. Am. Motors Corp., 759 F.2d 1568, 1571 (11th Cir. 1985)).

       The Court previously granted other motions to seal on similar grounds, docs. 81, 95, 104, 107, 115, 119, 139, 158, 178, and the same analysis largely applies here.  In reviewing the Motion, Defendants extensively discuss the results of a psychiatric examination ordered by the Court and Plaintiff's disability records.  The information does not concern public officials, nor does it affect public concerns.  See Romero, 480 F.3d at 1246; see also Crumbley v. King, Case No. 1:19-cv-1666, 2022 WL 1623804, at *3 (N.D. Ga. May 23, 2022) ("There is limited, if any, public interest in allowing public access to Plaintiff's mental health records and diagnoses, and any limited interest is vastly outweighed by the right to keep such records private.").  The degree and likelihood of injury to Plaintiff if made public would, potentially, be substantial.  Furthermore, Defendants use content from a Rule 35 examination and an expert deposition, discovery matters which do not directly affect adjudication and may not produce content admissible in a trial.  See Hogan v. Allstate Beverage Co., Inc., 821 F. Supp. 2d 1274, 1283 (M.D. Ala. 2011) ("The strength of the presumption of openness falls along a continuum, with the presumption being stronger for documents that directly affect an adjudication than for documents, such as certain discovery materials, that come within a court's purview solely to insure their irrelevance.") (quoting United States v. Amodeo, 71 F.3d 1044, 1049 (2d Cir. 1995)).  Thus, the response should be sealed.

Defendants request the response be placed under seal until the entry of final judgment. Plaintiff has not specifically responded to this Motion to Seal. However, given Plaintiff's previous requests for the permanent sealing of the contents of the motions containing mental health information, the Court assumes Plaintiff disagrees with the length of time the motion should remain sealed. Thus, the Court considers the appropriate duration of the seal.

Local Rule 79.7(e) acknowledges "the permanent sealing of a Court record is not preferred and should be sought only where temporary sealing is not adequate to protect the interest at stake." See also In re Estate of Martin Luther King, Jr., Inc., v CBS, Inc., 184 F. Supp. 2d 1353, 1359–60 (N.D. Ga. 2002) (discussing issues related to permanent sealing, including retention of records). A court "must restrict access in a way that will minimize the burden on the public's right, for example, by sealing or redacting only those records or portions thereof that contain sensitive information." Curry v. McNeil, No. 3:08-cv-539, 2009 WL 395247, at *2 (N.D. Fla. Feb. 17, 2009).

In these circumstances, the public's limited interest in viewing Plaintiff's mental health records or in seeing summaries of those records is outweighed by Plaintiff's right to keep those matters private. The response contains Plaintiff's mental health information which could be embarrassing or stigmatizing. These sensitivities about medical records are not likely to dissipate at the conclusion of this litigation. Indeed, the release of Plaintiff's personal medical history could impact her far beyond the conclusion of this case. Thus, the Court grants the request to place the materials under a permanent seal. The Court is not currently confronted with any request for unsealing or automatic unsealing, such as if the documents in the motions are used at trial or are attached to a dispositive motion. If such circumstances arise in the future, the Court will give full consideration to unsealing these materials at that time.

For the above reasons, the Court **GRANTS** Defendants' request to seal these materials, doc. 182, but with the above set forth modifications. The Court hereby **ORDERS** the Clerk of Court to file Defendants' response in opposition to Plaintiff's motion to exclude on the docket under seal.

**SO ORDERED**, this 4th day of August, 2023.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA